UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0177-SEB-TAB |
| | ) | |
| BRIAN NORDBY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 10, and October 1, 2020, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on June 10, and July 9, 2020. Defendant Brian Nordby appeared in person with his appointed counsel Joseph Cleary. The government appeared by Pamela Domash, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Ross Carothers.

The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing. After being placed under oath, Defendant admitted violation number 2. [Docket No. 43.] Government orally moved to withdraw the remaining violation, which motion was granted by the Court.

The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You must not commit another federal, state or local crime."** |

> On June 29, 2020, the Indianapolis Fire Department responded to a vehicle fire. The vehicle belonged to Danelle Loyd, the offender's estranged girlfriend, and was a total loss. Fire Department Investigators suspected arson as the front and rear of the vehicle were severely burned, but not the passenger compartment. Police were advised the offender was on Location Monitoring with GPS through Marion County Corrections for pending Kidnapping and Confinement charges (49G03-2005-F5-016944). GPS mapping reflected the offender was at the scene at the time of the fire. Mr. Norbdy was interviewed by phone and initially denied being near the area of the fire. Once confronted with the GPS evidence, he admitted to driving by the vehicle but denied setting it on fire.
>
> On or about June 30, 2020, the offender allegedly cut off his GPS transmitter. A violation was filed by Marion County Community Corrections and warrant was issued. Mr. Nordby was arrested on July 3, 2020, and remains in custody.
>
> Formal charges of Arson, a level 6 felony, and Invasion of Privacy, a class A misdemeanor, where filed on July 6, 2020 (49G03-2007-F6-021097).

The parties stipulated that:

    (a)    The highest grade of violation is a Grade A violation.

    (b)    Defendant's criminal history category is IV.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 24 to 30 months' imprisonment.

The parties jointly recommended a sentence of 18 months with supervised release to follow. Defendant requested placement at FCI Terre Haute or a facility closest to Indianapolis, Indiana.

As discussed on the record, and as more fully explained below, the Magistrate Judge finds a sentence of 18 months insufficient based upon the factors set forth at 18 U.S.C. § 3553(a).  Defendant's supervised release required that he not commit another crime while on release.  Nevertheless, Defendant's probation officer filed two petitions against him alleging a pattern of criminal conduct designed to terrorize and intimidate his estranged girlfriend.  The first petition [Filing No. 37] alleges Defendant was arrested following a May 21, 2020, domestic dispute with his girlfriend, who alleged he hit her multiple times while driving home with her from a bar.  The first petition indicates Defendant stated he only put his hand on the victim to get her to quit trying to jump out of the vehicle, and that Defendant claims the victim was slamming her own head into the car's dashboard.  As a result of that incident, Defendant faces state court charges of criminal confinement, kidnapping, domestic battery, and battery resulting in bodily injury, and the state court issued personal protection orders for the victim and her parents.

The second petition [Filing No. 43], to which Defendant admitted, alleges that about a month later on June 29, 2020, Defendant's girlfriend's car was the subject of an arson and was a total loss.  GPS mapping indicated that Defendant was at the scene of the fire at the time of the fire.  Defendant was interviewed about the incident and initially denied being near the area of the fire.  However, when confronted with the GPS evidence of his proximity to the fire, Defendant admitted to driving by the vehicle, though he denied setting it on fire.  Then on June 30, Defendant cut off his GPS transmitter.  He faces state court arson and invasion of privacy charges as a result of the car fire.

As the foregoing reveals, despite the fact that Defendant was facing state court charges, was the subject of personal protection orders, and was on federal supervised release, Defendant continued to engage in conduct designed to terrorize and intimidate his estranged girlfriend. While Defendant's admission to the allegations in the second petition do not constitute an admission to arson, the Court is not required to ignore the obvious. And it is obvious that any sentence imposed must reflect the seriousness of the circumstances and promote adequate deterrence. In the Magistrate Judge's view, a sentence of 18 months falls short. The guideline range based upon Defendant's admissions and stipulations is 24-30 months. Under the circumstances here, 24 months is the maximum statutory sentence. That is the appropriate sentence. A below-guideline range is simply not adequate for the reasons set forth.

Moreover, the Court also departs from the parties' recommendation by agreeing with the Probation Officer that the conditions of Defendant's supervision should be modified to prohibit him from having any contact with his estranged girlfriend during the remainder of his supervised release. Finally, the Magistrate Judge agrees with Defendant's request to recommend placement at Terre Haute.

For these reasons, the Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 24 months with supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.  Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.  Justification: This condition is an administrative requirement of supervision.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.  Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and for protection of the community.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job  responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.  Justification: This condition will assist the probation in monitoring the offender for protection of the community and is a requirement pursuant to federal law.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification: This condition will ensure the offender maintains gainful employment and aid in reducing recidivism.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. Justification: This condition is aimed at reducing recidivism and to monitor the offender for protection of the community.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is aimed at reducing recidivism and for protection of the community.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and for protection of the community.

14. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment: substance abuse treatment and mental health treatment. Justification: This condition will help the offender invest in his sobriety and rehabilitation.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the pre-sentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will aid in addressing the offenders history of substance abuse.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical

    practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will aid in addressing the offender's history of substance abuse.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will assist in ensuring the offender is compliant with a drug-free lifestyle.

18. You shall not use or possess alcohol. Justification: This condition will aid in ensuring compliance with a drug-free lifestyle and the offenders rehabilitation.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption. Justification: This condition will aid in ensuring compliance with a drug-free lifestyle and the offenders rehabilitation.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation in monitoring the offender for protection of the community.

21. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the pre-sentence report and available evaluations to the treatment provider, as approved by the probation officer.

22. You shall not engage in any meetings, communications, activities, or visits with the victim involved in 49G03-2005-F5-016944 and 49G03-2007-F6-021097 or members of the family of said victim without prior approval from the court.

23. You shall not knowingly enter any bar, tavern, etc. without the permission of the probation officer.

Defendant waived the reading of these conditions of release. In addition to the above-noted conditions, during his supervision the Defendant is prohibited from contacting Danelle Lloyd.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FCI Terre Haute or a facility closest to Indianapolis, Indiana.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date:  10/5/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system